## LOGI *v.* STATE.

### Opinion delivered May 4, 1925.

CRIMINAL LAW—IMPROPER ARGUMENT.—In a prosecution for manufacturing liquor, a statement of the prosecuting attorney that accused was a foreigner and had lived in the county 22 years without becoming naturalized was prejudicial error and was not cured by an instruction that it was not to be considered as evidence of guilt, but was permitted in reply to defendant's attorney's reference to his being a foreigner, where it does not appear that defendant's attorney made any such reference.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; reversed.

*Cravens & Cravens,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

Wood, J. Tony Logi was convicted in the circuit court of the Greenwood District of Sebastian County of the crime of manufacturing intoxicating liquor and sentenced by judgment of the court to imprisonment in the State Penitentiary for a period of one year, from which is this appeal.

One of the grounds of the motion for a new trial is that the court erred in permitting the prosecuting attorney, over the objections of the defendant, to argue that the defendant was a foreigner, and had lived in this country twenty-two years and had never seen fit to become a citizen of this country. The bill of exceptions recites as follows: "The prosecuting attorney, in his argument to the jury, stated that the defendant had lived here twenty-two years and had never been naturalized."

The defendant objected to this, and the court stated: "That cannot be considered as showing his guilt, but the fact that the attorney for the defendant asked about his being a foreigner brought the question out in his argument, the State's attorney will be permitted to make the argument in reply to the argument of the defendant's attorney. That cannot be considered as showing the guilt or innocence of the defendant, and we instruct the jury not to consider it."

The statement of the prosecuting attorney in argument was obviously for the purpose of prejudicing the minds of the jury against the appellant because of the fact that he had not been naturalized. There is nothing in the record to justify the district attorney in his argument in alluding to the fact that the appellant was not an American citizen. The only purpose of such argument could have been to take into consideration that fact in determining whether or not the appellant was guilty of the crime charged. There is nothing in the bill of exceptions to show that the attorney for the appellant, in his examination of the appellant on the witness stand, had asked the appellant "about his being a foreigner." Therefore there is nothing in the record to have justified the court in the statement that the prosecuting attorney was allowed to make the statement in his argument to the jury because of the fact that the attorney for the defendant had asked appellant about his being a foreigner. Nor is there anything in the record to show that the defendant's attorney in his argument before the jury had referred to the fact that appellant was a foreigner.

The court should have removed the prejudicial argument of the prosecuting attorney that the appellant had lived in this country twenty-two years and had never been naturalized by excluding such argument, at the request of appellant's counsel, by a clear and emphatic statement to the jury to the effect that the argument was improper, that it was excluded, and that they should not consider it for any purpose. Instead of doing this, the

charge of the court to the jury concerning the improper argument of the district attorney was tantamount to saying the argument of the State's attorney is proper, and he will be permitted to make it, but then you cannot consider it in determining the guilt or innocence of the defendant. This halting and ambiguous endeavor of the trial court to remove an argument that is wholly improper and highly prejudicial to the rights of the accused cannot be sanctioned. The improper argument was not so flagrant, perhaps, that it could not have been removed by an unmistakable announcement by the trial court that the argument was excluded from the jury and an emphatic direction to them not to consider it. But such was not the case here.

We find no other reversible error in the record, but, for the error above indicated, the judgment is reversed and the cause remanded for a new trial.