BOB SIMPSON v. STATE.

No. A-5072.    Opinion Filed May 16, 1925.
(236 Pac. 55.)

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Bob Simpson was convicted of unlawful possession of intoxicating liquor, and he appeals.    Reversed.

Counts & Counts, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error, Bob Simpson, was convicted on an information charging that in Pittsburg county, August 12, 1923, he did have in his possession certain intoxicating liquor, to wit, about three gallons of whisky, with the unlawful intent to sell the same, and, in accordance with the verdict of the jury, he was sentenced to be confined in the county jail for a term of four months and to pay a fine of $250.    From the judgment he appeals.

The Attorney General has filed a confession of error in part as follows:

"Counsel for the defendant have set up as one of their assignments of error that the court erred in not sustaining the defendant's motion and objection to the introduction of any evidence or testimony obtained by reason of the search

and seizure made by the officers for the reason that the search and seizure was in violation of the defendant's rights as guaranteed him under the Fourth and Fifth Amendments of the Constitution of the United States and sections 21 and 30 of the Bill of Rights of the Constitution of the state of Oklahoma. We have carefully examined the record and find that the defendant made timely objection to the introduction of any testimony in conformity with the rules laid down in the case of Gore v. State, 24 Okla. Cr. 394, 218 P. 545. We have carefully compared this affidavit for a search warrant with the affidavits in the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249, and Kirk v. State, 30 Okla. Cr. 198, 235 P. 624, wherein this court reversed a conviction upon the ground that the purported affidavit contained in those cases was not sufficient to authorize the proper magistrate to issue a search warrant.

"It is a well-defined principle that the finding of probable cause is a judicial function to be exercised by a magistrate alone and it cannot be delegated to the maker of an affidavit. To permit the party making the affidavit to decide in conclusions or ultimate facts instead of requiring the facts to be stated, by virtue of which the conclusion or ultimate fact is found, is in fact delegating a judicial function to the affiant and substituting the maker of the affidavit for the magistrate, leaving the magistrate a mere automaton and his duties purely perfunctory. The statements set forth in the affidavit must be of facts and of the nature concerning things which would make the same competent as evidence in court as tending to prove the same ultimate facts or conclusions.

"Applying the rules laid down in the above-cited cases to the affidavit for the search warrant in question, we are of the opinion that the assignments of error set up by counsel for the defendant are well taken, and respectfully submit to this honorable court this confession of error."

We have examined the record, and in our opinion the confession of error is well founded and should be sustained.

The judgment of the lower court is therefore reversed.