F. M. CONDRON et al. v. STATE.

No. A-5103.   Opinion Filed June 30, 1925.
(237 Pac. 465.)

Pardue & Davis, for plaintiffs in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiffs in error were convicted on a charge of unlawfully transporting intoxicating liquor along and upon the public road running from Brock to Wilson, in Carter county, and, in accordance with the verdict of the jury, they were each sentenced to pay a fine of $100 and be confined for 60 days in the county jail.   To reverse the judgments rendered on the verdicts, they appeal.

The errors relied on for a reversal of the judgment are that the court erred in admitting evidence that was illegally obtained without a search warrant.

The evidence shows that D. Bell, deputy sheriff, stopped a service car on the highway between Wilson and Brock; that the defendant Condron, an insurance man, was driving the car, and the defendant Smith was riding with him; Harry Hanson was also in the car.   As a witness for the state, he testified that the car was owned by John Condron, father of the defendant Condron, and that they stopped in a ravine and got this whisky, and were driving back, when they were stopped by Officer Bell, who searched the car.

Two or three witnesses testified that they knew the

reputation of the defendants as to being law-abiding citizens, and that it was good.

It has been repeatedly held by this court that, where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence, and that, where the officer does not know of the act constituting the offense, it is not committed in his presence (Keith v. State, 30 Okla. Cr. 168, 235 P. 631) ; that, in a prosecution for unlawfully transporting intoxicating liquor, the defendant cannot be convicted upon evidence obtained by means of an unauthorized search and seizure (Foster v. State, 24 Okla. Cr. 36, 218 P. 898; Gore v. State, 24 Okla. Cr. 394, 218 P. 545).

The defendants' conviction, having no sufficient foundation or support without use of evidence which had been unlawfully obtained, must be reversed.

The judgments reversed, and cause remanded, with direction to discharge the defendants.