## JOHN CHILDRESS et al. v. STATE.

No. A-5055.   Opinion Filed July 15, 1925.
(238 Pac. 218.)

Mathers & Coakley and Hays & Dixon, for plaintiff in error.

George F. Short and Chas. Hill Johns, Asst. Attys. Gen., for the State.

DOYLE, J.   The information in this case charges that in Love county, August 28, 1923, John Childress, Orton Townsend, and O. Nichols "did then and there have in their possession intoxicating liquor, to wit, one-half gallon of corn whisky" with the unlawful intent to violate the prohibitory liquor laws of the state.   On the trial the jury returned a verdict finding the defendants guilty as charged in the information, and fixing their punishment at $50 fine and 30 days in jail each.

The undisputed facts are that N. N. Smith, sheriff of Love county, and J. W. Stafford, his deputy, were going west in an automobile on the Burneyville road, and saw a car coming west on said highway, in which were the three defendants.

Sheriff Smith testified as follows:

"Q. Do you know the defendants John Childress, Orton Townsend, and O. Nichols? A. Yes, sir.

"Q. Where did you see them? A. Three quarters of a mile this side of the negro school, on the Burneyville road; they came around the curve from the west right there at the negro graveyard. We recognized them and started to pull in and stop them, and they tried to go around, and we jammed our car into theirs and stopped them, and Mr. Townsend broke the jar.

"Q. Did you have a search warrant? A. No; I didn't have time to get one.

"By Mr. Mathers: If the court please, we move to strike the witness' testimony from the record for the reason that it was obtained without proper search warrant.

"By the Court: Motion overruled. Exception."

He further testified that he picked up the pieces of the fruit jar, and there was some whisky left in the top part of the jar.

J. W. Stafford testified, in substance, to the same facts as did the sheriff.

The state rested, and the defendant moved for a directed verdict of acquittal, which motion was overruled.

As witnesses in their own behalf, the defendants testified that there was no whisky in the car, and that the fruit jar that was broken contained only water for the purpose of filling the leaky radiator on their car.

It is too familiar to require citation of authority that it is the settled doctrine in this state that, in order to make an arrest and seizure without a warrant under section 7014, C. S. 1921, there must be a violation of the prohibitory liquor laws committed in the presence of the arresting officer, and a conviction must be reversed where evidence procured by an officer of the court by means of an unauthorized search and seizure is admitted over the objections of the defendant.

Because all the evidence offered by the state was obtained illegally and in violation of the constitutional rights of these defendants, the judgments of the lower court are reversed.

BESSEY, P. J., and EDWARDS, J., concur.