## EUGENE DANIELS v. STATE.

No. A-5377. Opinion Filed Dec. 12, 1925.
(241 Pac. 836.)

C. B. Leedy, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Ellis county, May 19, 1924, Eugene Daniels and Harley

Daniels did have in their possession one still and still worm. On the trial the defendant Harley Daniels was acquitted and the defendant Eugene Daniels was found guilty and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days. To reverse the judgment rendered on the verdict, he appeals.

Of the various errors assigned it is only necessary to consider the one, that the court erred in admitting incompetent evidence over the objections of the defendant.

The evidence shows that the sheriff and deputies visited the home of the defendant and searched his residence in his absence and searched the same section and in a canyon found the wife and two sons of the defendant, and there was a stove, wash boiler and a few barrels there. The sheriff testified to finding a straight copper pipe, about 14 feet long in the defendant's residence.

When the case was called for trial, the defendants filed their verified motion to suppress the testimony of the witnesses whose names were indorsed upon the information, on the ground that any evidence obtained was under a void search warrant. Attached to the motion was a copy of the affidavit upon which the search warrant issued, which affidavit recites that:

"John Doe, whose real name is not known, at and on section 31, township 24, and section 6, township 23, all in range 24 W. I. M. certain buildings described as follows: Residence, barn, chicken house, cellar, dougout, cistern, cow shed, the pasture land, farm land, or orchard on said premises, did then and there unlawfully and willfully have in their possession and under their control, and did then and there keep, and do now have in their possession and under their control for the purpose of sale, bartering, giving away, and otherwise furnishing, certain intoxicating liquors, to wit, whisky."

It is further shown the names of the several owners of the lands described in the affidavit and the search war-

rant; also that only part of said lands were in the possession of the defendant; that said search warrant issued in violation of the constitutional rights of the defendants and in violation of the statute (section 7013, C. S. 1921), providing that no warrant shall be issued to search a private residence, occupied as such, unless such residence is a place of public resort. The record shows that the same objection was interposed to the testimony of the witnesses for the state.

At the close of the state's case defendant's counsel asked the court to direct and advise the jury to return a verdict of not guilty, on the ground that all the evidence admitted in the case was incompetent, because the same was obtained in executing a void search warrant, which motion was overruled.

It is the well-settled doctrine in this state that constitutional provisions against unreasonable searches and seizures, and against compelling one to be a witness against himself, secure the individual in his person, his home, and his property from invasion by officers in executing illegal and void search warrants.

In the case of Wiese et al. v. State, 32 Okla. Cr. 203, 240 P. 1075, we held:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

See also Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Foreman v. State, 8 Okla. Cr. 480, 128 P. 1101.

On the authority of the case of Wiese v. State, supra,

the judgment in this case is reversed, and the cause remended, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.