## LORIN HALL v. STATE.

No. A-5514.   Opinion Filed May 29, 1926.
(246 Pac. 642.)

J. N. Roberson, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county on a charge of having possession of whisky with intent to sell, and sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail. Several assignments of error are argued in the brief, only one of which is necessary to consider.

The evidence upon which the conviction was had was obtained by a search warrant which was issued upon an affidavit of A. W. Cook. Omitting the formal parts of said affidavit, the affidavit asks that a warrant be issued for:

" * * * All the buildings, outbuildings, appurtenances and land situated on section 33, township 12, range 7, in Canadian county, state of Oklahoma, for the reason that affiant has been informed by a written letter that whisky is being made on said land, and that the law is being violated on said land at this time, and for the additional reason that the sheriff's office has been informed a number of times of violations of the law on this land."

Upon this affidavit a search warrant was issued, and the evidence obtained thereby was objected to. This affidavit violates the Constitution and statutes in failing to describe as particularly as may be the premises to be searched, simply describing section 33 which is too general under section 30, art. 2, of the Constitution, and section 7012 Comp. Stat. 1921. Kolander v. State, 33 Okla. Cr. 31, 241 P. 837.

An affidavit is further insufficient as being based wholly on information and belief. Daniels v. State, 32 Okla. Cr. 836, 241 P. 836; Best v. State, 32 Okla. Cr. 89, 240 P. 159; Simpson v. State, 30 Okla. Cr. 344, 236 P. 55.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.