## W. H. JONES v. STATE.

No. A-5661.   Opinion Filed Sept. 11, 1926.
(249 Pac. 354.)

Carter & Carter, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was convicted on a charge of unlawful possession of intoxicating liquor and in accordance with the verdict of the jury was sentenced to confinement in the county jail for 30 days and to pay a fine of $300. He prosecutes this appeal for a reversal of the judgment on the ground that the court erred in admitting evidence that was illegally obtained without a search warrant, and that the verdict is not sustained by sufficient evidence, and is contrary to law.

The state relied for this conviction upon the testimony of John Cable, deputy sheriff, admitted over the defendant's objection that it was obtained by an unlawful search of the defendant's home without a search warrant. The testimony of the witness Cable shows that with Mack Shelton he went to defendant's home in the city of Okmulgee about midnight, knocked on the door, and defendant said, "Who is there?" and witness said, "The law is here, and we want to look you over;" that defendant said, "Help yourselves;" that they went in and searched the house, but did not find anything, then they searched the back yard and found one half-gallon fruit jar and one half-gallon grape juice bottle; that about 2 hours later they arrested the defendant. The

state rested, and defendant moved for a directed verdict of acquittal, which motion was overruled.

As a witness in his own behalf the defendant testified that he had lived in Okmulgee 6 years with his wife and child; that he was a barber, and arrived home that Saturday night before midnight, and was in bed when Mr. Cable knocked on the door and said the law was there; that he told him that he did not have any whisky; the officers searched the house, tore down the colonnade between the sitting room and dining room, and pried up the floor; then they went out, and Mr. Shelton came back and asked for the key of the chicken house; that they were gone a good while, and he had gone to sleep, when Mr. Cable again knocked on the door and said, "Put your clothes on, we found some whisky," and they took him to the courthouse; that, if they found any whisky on his premises, he did not know anything about it; that it was not his whisky.

The Bill of Rights is something more than a mere compilation of glittering generalities. Some of its provisions constitute a formal and public declaration of popular rights and liberties. The guaranty, in article 2, § 30, that "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated," should be respected by all peace officers and law-abiding citizens. Foreman v. State, 8 Okla. Cr. 480, 128 P. 1101.

"The right of the citizen to occupy and enjoy his home, however mean or humble, free from arbitrary invasion and search, has for centuries been protected by every court in the English speaking world, from Magna Charta down to the present, and is embodied in every bill of rights defining the limits of governmental power in our own republic. The mere fact that a man is an officer, whether of high of low degree, gives him no more right than is possessed by the ordinary private citizen to enter and search the private premises of another

for evidence of crime without a legal warrant procured for that purpose." Smith v. State, 34 Okla. Cr. 934, 246 P. 1109.

This court has held repeatedly that in order to make an arrest and seizure without a warrant, under section 7014, C. S. 1921, there must be a violation of the prohibitory liquor laws committed in the presence of the arresting officer, and that where the officer does not know of the act constituting the offense it is not committed in his presence. Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Condron v. State, 31 Okla. Cr. 130, 237 P. 465; Childress v. State, 31 Okla. Cr. 208, 238 P. 218.

Because all the evidence offered by the state was obtained illegally, and in violation of the constitutional rights of the defendant, the judgment is reversed, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.