## LEWIS OLIVER v. STATE.

No. A-6011.  Opinion Filed Oct. 29, 1927.
(260 Pac. 1071.)

W. R. Withington, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Oklahoma county on a charge of having possession of a still, and he was sentenced to imprisonment in the county jail for a term of six months, and to pay a fine of $500.

Before entering upon the trial, plaintiff in error filed a motion to suppress evidence on the ground that same had been procured by a search of the private residence of defendant, used as such, without a valid search warrant. This motion was overruled, and exceptions properly saved. The record discloses that certain officers with a search warrant searched the private residence and out-buildings of plaintiff in error, and found in the barn a copper still as alleged. The record further discloses that the affidavit for a search warrant does not allege that the place searched, a private residence, or any part of it, was used as a store, shop, hotel, boarding house, or place of storage, or that such place was a place of public resort, as required by sections 7012, 7013, Comp. St. 1921. Unless these provisions of the law are complied with a search warrant cannot legally issue to search a private residence occupied as such. Evidence obtained by an unlawful search of a private residence or the curtilage thereof is inadmissible. Cudjo v. State, 34 Okla. Cr. 199, 245 P. 906; Searcy v. State, 33 Okla. Cr. 421, 244 P. 203.

The affidavit is further defective, in that it describes several different tracts of land occupied by different persons, and is in effect a blanket search warrant. Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Daniels v. State, 32 Okla. Cr. 426, 241 P. 836; Myer v. State, 34 Okla. Cr. 421, 246 P. 1105.

The case is reversed and remanded.