## RICHARD McCULLOUGH v. STATE.

No. A-6170.   Opinion Filed March 10, 1928.
(264 Pac. 916.)

John L. Ward and Wash Hudson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, herein-

after called the defendant, was convicted in the county court of Tulsa county, on a charge of unlawfully, willfully and wrongfully having in his possession intoxicating liquors, to wit, 38 pints of whisky, three-fourths gallon of alcohol, and one can of beer, with the unlawful intent then and there on the part of the said defendant to barter, sell, give away, and otherwise furnish the same in violation of the prohibitory laws of the state of Oklahoma, and was sentenced to pay a fine of $500 and imprisonment in the county jail for a period of 6 months. Defendant prosecutes an appeal to this court for a review of the judgment and sentence, and alleges a number of errors committed by the trial court as grounds for the reversal of this case.

The testimony on behalf of the state in substance is as follows: F. G. Murray testified that he was a deputy sheriff of Tulsa county; that he went to defendant's place with a search warrant on the 6th day of August, 1924; that his place was located out between Dawson and a filling station, on the highway—a five-room house. Witness had never been inside the house until the night he searched it, but he had watched the house on two or three different occasions immediately prior to getting the search warrant and searching the house; that he had seen people go into the house and come away with a package; when they searched the house they found 38 pints of red corn whisky, three-fourths gallon of alcohol, and one can of beer. Jack Quast in substance testified to the same facts as F. G. Murray. This is all the testimony introduced.

The first error assigned by the defendant is as follows:

"(1) The court erred in not sustaining the plaintiff in error's motion to exclude and suppress evidence and testimony which was obtained through an illegal

and unlawful search warrant, which motion was heard before any evidence was introduced on behalf of the state, and to which ruling of the court the plaintiff in error at the time excepted in open court, and which exception was duly allowed."

It is strongly argued by the defendant that the affidavit does not state sufficient facts to give the court jurisdiction to issue a search warrant, and that by reason of that fact the search and seizure was illegal. The affidavit for the search warrant states:

"That certain intoxicating liquor is being manufactured, sold, bartered, given away, and otherwise furnished, and is being kept for the purpose of being sold, bartered, given away, and otherwise furnished, in violation of the prohibitory laws of the state of Oklahoma; the kind and description of said liquor being as follows, to wit, wine, beer, whisky and other intoxicating liquor and imitations thereof and substitutes therefor, the exact quantity thereof being unknown to this affiant. That said liquor is being disposed of and kept in the manner aforesaid by one John Doe, whose real name is unknown to informant, on the following described premises situate in Tulsa county, Oklahoma, within said county and state, to wit, one 5-room gray house located second house east of Dawson on south side of pavement on Dawson paved highway, together with the curtilage thereof and appurtenances thereto. That said building is a private residence and is used as a place of public resort, and for the storage and furnishing of intoxicating liquor."

Section 7013, C. O. S. 1921:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

Section 7013, C. O. S. 1921:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of

it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The statements in the affidavit which was the basis on which the search warrant was issued in this case seems to contain every provision required by our statute. The statements are in positive language and were sufficient to give the court jurisdiction to issue the warrant. At the hearing on defendant's motion to suppress and exclude the testimony secured under the search warrant, it was shown by F. G. Murray that he watched this house on more than one occasion prior to the date he made application for the search warrant, and that he had seen persons going to the house and coming away with packages, and on one occasion he had stopped a man who had two pints of whisky and on another occasion a man who had one pint of whisky.

In support of his motion to suppress the evidence the defendant has cited a number of authorities, but upon examination of the authorities cited we find the facts are not the same as in this case. Under the laws of the state, section 1, c. 123, p. 144, Session Laws 1923, 1924, "the keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any liquor or compounds of any * * * description whatsoever * * * which contain as much as one-half of one per cent of alcohol, measured by volume, and which is capable of being used as a beverage," is "prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

The motion of the defendant to suppress the testimony was properly overruled. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451.

In Dolan v. Commonwealth, 203 Ky. 400, 262 S. W. 574, it was said:

"It is the rule in this state that, if the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible and the court will not permit the accused to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of affiant's information, or the means by which it was obtained."

There are other errors assigned by the defendant, but, upon careful examination of the record, we hold the errors assigned did not prejudice the rights of the defendant. The evidence was sufficient to sustain the verdict and judgment. From a consideration of the whole case the guilt of the defendant is clearly proven. There being no error prejudicial to the rights of the defendant, the judgment and sentence is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.