## JOE DOBBINS v. STATE.

No. A-6136.  Opinion Filed May 19, 1928.
(267 Pac. 678.)

John B. Ogden, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  Appellant was convicted on information charging him with the possession of intoxicating liquor, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and imprisonment in the county jail for 30 days.

To reverse the judgment, appellant assigns as error the admission of evidence which was obtained in executing a search warrant illegally issued.

The record shows that J. A. Salyer made affidavit before J. A. Cameron, justice of the peace in the city of Wilson, alleging "that in Carter county, on the 6th day of June, 1925, the above-named defendant, Mrs. Dobbins at No. ——— street, in a certain building described as follows: Residence in Sec. 21, 4 S, 2 W, about 250 yards N. & W. of Humble Warehouse in Carter county." Then follows the usual form as to possession. And the same day a search warrant issued to J. A. Salyer, and reciting

that "Mrs. Dobbins and John Doe, whose real name is not known, has sundry liquors, whisky, choc beer, and other intoxicants at No. ———— street, in a certain building described as the one-story residence," etc.

The return thereon is signed, "J. A. Salyer, Constable-Sheriff."

The evidence shows that J. A. Salyer and W. W. Holder went to the home of Mrs. Dobbins, the mother of appellant; that appellant was not there; that they searched Mrs. Dobbins' three-room residence, finding 48 bottles of choc and one-half pint of whisky. They then went to where appellant was working, and arrested him.

All the state's evidence was admitted over the objection of counsel for appellant, on the ground that the search warrant was illegally issued, and during the trial the question was saved for review by motion to strike and demurrer to the evidence.

It is contended that the search warrant was void, because the application therefor runs in the name of Mrs. Dobbins only, and gives no reason for omitting her first name, and that the search warrant runs in the name of Mrs. Dobbins and John Doe; that neither complaint nor warrant properly describes the place to be searched, that the same are void because in conflict with the provision of the bill of rights, "and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be, the place to be searched and the person or thing to be seized" (Const. art. 2, § 30); and that the same was issued in violation of section 7013, C. S. 1921, providing:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Upon a careful examination of the record, we are

satisfied that the evidence offered by the state was incompetent, because the same was obtained by an illegal search under a void search warrant, the same having been issued upon an affidavit insufficient to authorize the magistrate to act upon it. Sprinkle v. State, 36 Okla. Cr. 36, 251 P. 614; Vice v. State, 36 Okla. Cr. 18, 251 P. 509; Langham v. State, 35 Okla. Cr. 57, 248 P. 349; Jones v. State, 35 Okla. Cr. 91, 249 P. 354.

For the reasons stated, the judgment is reversed.

EDWARDS and DAVENPORT, JJ., concur.