## DOLLIE BRYSON v. STATE.

No. A-9030.   April 10, 1936.
(56 Pac. [2d] 1198.)

Robert N. Dunn, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, and sentenced to pay a fine of $50 and be incarcerated in the county jail for 30 days. Motion for new trial was filed, considered, overruled, and defendant appeals.

Before the trial began, the defendant, Dollie Bryson, filed her motion to suppress the evidence, setting forth several grounds as a reason for suppressing same; the first assignment being that the evidence was obtained by the state while the officers were searching the home of the defendant, Dollie Bryson, without the authority of a search warrant directed to the said Dollie Bryson; second, that the said evidence was obtained by the state while the officers were searching the home of Dollie Bryson, by virtue of a search warrant directed to Lewis Ogletree, and issued by E. L. Dillard, county judge. Testimony was taken upon the motion to suppress, at the conclusion of which the motion to suppress was overruled, and the defendant excepted.

The land described in the search warrant, in which the name of Lewis Ogletree was included, is described as follows: "The N. W. Quarter of Section No. 11, Township 5 S., Range 8 W"—on which there are located the home of the defendant, and a tenant house at the time the search warrant was issued occupied by Earnest Fountain. The officers admit they knew the land described belonged to the defendant, and they had known the defendant for some

time, yet the warrant to search the land described and the buildings thereon named only Lewis Ogletree.

The proof shows that Ogletree was an employee of the defendant and lived in the home of the defendant, occupying one of the rooms; that the officers when they went to search did not only search the room of Ogletree, but searched the room occupied by the defendant, which was known to some of the officers, if not all of them, as being the home of the defendant, Dollie Bryson.

Section 2639, O. S. 1931, as as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The question to be decided in this case is: Is the description in the search warrant directed to Lewis Ogletree sufficiently accurate as to leave nothing to the discretion of the officers, to locate the room or place where Lewis Ogletree lived as directed by the warrant? They searched the residence of Dollie Bryson; the officers seeking to justify the search of the home of the defendant, Dollie Bryson, under the search warrant issued describing the tract of land, and directed to Lewis Ogletree. They would have had the same right to search the home of Earnest Fountain, which is located on the same tract of land as the Dollie Bryson home, described in the search warrant.

In Wiese et al. v. State, 32 Okla. Cr. 203, 240 Pac. 1075, 1076, in the fourth paragraph of the syllabus, the court said:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without

naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

In Shanafelt v. State, 38 Okla. Cr. 345, 261 Pac. 380, this court in the syllabus said:

"The affidavit for a search warrant and the search based thereon must so particularly describe the place to be searched that the searching officer has no discretion but may determine from the warrant the particular place to be searched."

As shown by the record in this case, no officer unfamiliar with the lands and buildings thereon could tell which one of the houses was occupied by Lewis Ogletree, the defendant, Dollie Bryson, or Earnest Fountain.

In Myer v. State, 34 Okla. Cr. 421, 246 Pac. 1105, this court in the second paragraph of the syllabus said:

"Where there is no joint interest apparent, a showing of probable cause against one tenant confers no right to search the home of another tenant in the same building."

It is clearly shown by the record in this case that the search of the defendant's home without a search warrant specifically designating her home was an unlawful search and seizure, and the evidence secured upon the unlawful search and seizure was inadmissible against her. The motion of the defendant, Dollie Bryson, to suppress the evidence should have been sustained.

There being no testimony other than the testimony secured by the unlawful search and seizure, the judgment of the trial court is reversed.

EDWARDS, P. J., and DOYLE, J., concur.