## DICE ROBERTS v. STATE.

No. A-9780.   April 16, 1941.
(112 P. 2d 804.)

Mac Q. Williamson, Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., of Oklahoma City, for the State.

Jim Barnett, of Oklahoma City, for defendant.

BAREFOOT, P. J.   Defendant, Dice Roberts, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, to wit: 15 half-pints and 29 pints of tax-paid liquor, was tried before the court without the intervention of a jury by agreement, was convicted and sentenced to pay a fine of $50 and serve 45 days in the county jail, and has appealed.

A motion to suppress the evidence obtained by reason of the search warrant issued in this case which was overruled by the court is the only ground for reversal.   A hearing was had before the court upon this motion and the evidence of one officer, Deputy Sheriff Ross Pierce, was taken.   The search warrant was introduced in evidence. It is contended that the affidavit is insufficient under the law upon which to base the issuance of a search warrant for the reason it does not state sufficient facts.   The affidavit states:

"* * * in certain buildings and premises described as follows, to wit: The Dixie Club located on the ground floor of a two (2) story brick building located at 203 N. W. 2nd street, in Oklahoma City, Oklahoma County, Oklahoma, in said County and State, did then and there unlawfully and willfully have in his possession and under his control, and did then and there unlawfully keep and does now unlawfully have in his possession and under his control, and does keep intoxicating liquors, described as wine, whisky, beer and other spirituous, fermented and malt liquors, a more particular description of which this affiant cannot give, and certain personal property, fixtures and furniture, consisting of bars, glasses, jugs, bottles and other furniture, containers and fixtures, a more particular description of which this affiant cannot give, used for same.

"That the said persons are still willfully and unlawfully keeping the said property and intoxicating liquors above described for the purpose and with intent to violate the laws of the State of Oklahoma and that are used in and about the business of keeping a place where intoxicating liquors are willfully and unlawfully sold, and that all of the said above described devices, furnitures, fixtures, and appliances are being used by said persons in aid of said unlawful business.

"And the affiant further says that the above named persons at the said place and the said building, are now engaged in keeping a place where intoxicating liquors are sold, given away and otherwise furnished to divers persons whose names are to this affiant unknown, in violation of the prohibitory liquor laws of said State of Oklahoma, and is using all of the above described property in connection with and in aid thereof.

"Affiant further states that the above described premises is a place of public resort where divers persons congregate for the purpose of buying, selling, drinking and offering for sale intoxicating liquors and where intoxicating liquors are manufactured, bartered, stored and given away in violation of the prohibitory laws of the State of Oklahoma and constitutes a public nuisance."

It will be noted that the affidavit is not upon information and belief, but consists of positive statements. It states that the place to be searched is: (a) The Dixie Club; (b) it is located on the ground floor of a two-story brick building located at 203 N. W. 2nd street, Oklahoma City; (c) that the party named in the affidavit had in his possession and under his control certain intoxicating liquor; (d) that the place had certain personal property, fixtures and furniture consisting of bars, glasses, jugs, bottles, etc.; (e) that the intoxicating liquor was kept with the intention of sale; and that devices, fixtures and appliances were being used in aid of such unlawful business; (f) that said place was a place of public resort where persons congregate for the purpose of buying and drinking intoxicating liquor; (g) and that said place constitutes a public nuisance. This affidavit is positive in its terms and is not made upon information and belief. The place to be searched was a public place. There is no evidence that any part of the same was a residence or a home. Three officers testified to the execution of the search warrant and the finding in a plant in the floor of the rear room of 15 half-pints and 29 pints of whisky, and that defendant was the owner of the premises and was present at the time the search was made.

Deputy sheriff Ross Pierce testified:

"Q. And did you have any conversation with Roberts about that whisky? A. Yes. Q. Tell us what that was? A. He said, if you will notice, this is the first time you ever caught me with half pints; he said that is about all the trade that there is down here. Q. And what else did he have to say? A. Well, he mentioned that he had just finished that plant and just started to using it, and all that work was for nothing now. Q. Did he or did he not say anything about the amount of liquor that he was handling or selling? A. It seems to me as he did, but I

don't remember what it was. He showed me a card and on the back of it was his day's receipts, and he said he had a pretty good notion to go back and open his old stand at 21 Broadway Circle."

It was admitted by the defendant that the other officers would testify to the same facts.

The defendant did not testify on the motion to suppress nor on the trial, and offered no evidence in his behalf. In support of his contention defendant cites several decisions of this court. The strongest one is the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249. An examination of this case reveals that the facts were very much different from the facts in the instant case. It is unnecessary to draw the distinction. This case was discussed in the case of Smith v. State, 30 Okla. Cr. 144, 235 P. 273.

We have often held that where statements made in the affidavit were positive and the facts are such that would justify the issuance of the warrant, it was not error of the court to overrule the motion to suppress the evidence obtained thereon. Gransbury v. State, 64 Okla. Cr. 423, 82 P. 2d 240; McCullough v. State, 39 Okla. Cr. 293, 264 P. 916; Dobbs v. State, 39 Okla. Cr. 376, 265 P. 658; State v. Skelton, 36 Okla. Cr. 377, 254 P. 754; Smith v. State, 30 Okla. Cr. 144, 235 P. 273.

For the reasons above stated, the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES, J., concurs. DOYLE, J., absent.