## J. N. NELSON v. STATE.

No. A-9856.    Oct. 22, 1941.

(118 P. 2d 405.)

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

J. Forrest McCutcheon, of Oklahoma City, for defendant.

BAREFOOT, P. J.    Defendant, J. N. Nelson, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, was tried by the court without the intervention of a jury, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

This case is the outgrowth of a search of defendant's residence and place of business on the 18th day of September, 1939, when two deputy sheriffs of Oklahoma county, Phil Isenhour and Fred Smith, found seven pints of tax-paid liquor and two pints, partially full, of tax-paid liquor in defendant's possession. The officers arrested the defendant and conducted the search under the authority granted by the search warrant.

On November 13, 1939, defendant filed a motion to suppress the evidence and quash the search warrant for the reason that it did not state sufficient facts as required by law, that the description therein was insufficient, that the return of the officers was not made according to law, and that the affidavit upon which the warrant was based was insufficient. A hearing was had on this motion on December 8, 1939, at which time the court overruled the motion. The trial of the case was had on the 12th day of December, 1939.

The errors upon which defendant relies for a reversal of this case may be summarized and stated as follows:

First. The affidavit for search warrant states only conclusions of affiant and does not set forth averments of facts as required by the statutes.

Second. The search warrant was illegal and void for the reason that it failed to describe the premises searched with sufficient particularity.

Third. The evidence is insufficient to sustain the conviction of defendant.

In order to properly consider the first question raised by defendant, that the affidavit for search warrant states only conclusions of affiant and does not set forth averments of facts as required by the statutes, we deem it advisable

to here quote the affidavit for search warrant in this case, which is as follows:

"In the Justice Court in and for said County and State. Affidavit and Application for Search Warrant.

"I, Phil Isenhour, being duly sworn depose and say, that in Oklahoma County, in the State of Oklahoma, on the 18 day of September, 1939, J. N. Nelson & John Doe whose more full and correct name is to your affiant unknown, in certain buildings and premises described as follows, to-wit: The part occupied & under the direct control of J. N. Nelson & John Doe, being the Alamo Camp located at 4000 N. W. 39th Street, adjacent to Oklahoma in Oklahoma County Oklahoma, in said County and State, did then and there unlawfully and willfully have in his possession and under his control, and did then and there unlawfully keep and does now unlawfully have in his possession and under his control, and does keep intoxicating liquors, described as wine, whisky, beer and other spirituous, fermented and malt liquors, a more particular description of which this affiant cannot give, and certain personal property, fixtures and furniture consisting of bars, glasses, jugs, bottles and other furniture, containers and fixtures, a more particular description of which this affiant cannot give, used for same.

"That the said persons are still willfully and unlawfully keeping the said property and intoxicating liquors above described for the purpose and with intent to violate the laws of the State of Oklahoma and that are used in and about the business of keeping a place where intoxicating liquors are willfully and unlawfully sold, and that all of the said above described devices, furniture, fixtures, and appliances are being used by said persons in aid of said unlawful business.

"And the affiant further says that the above named persons at the said place and the said building, are now engaged in the business of keeping a place where intoxicating liquors are sold, given away and otherwise furnished to divers persons whose names are to this affiant unknown, in violation of the prohibitory liquor laws of said State

of Oklahoma, and is using all of the above described property in connection with and in aid thereof.

"Affiant further states that the above described premises is a place of public resort where divers persons congregate for the purpose of buying, selling, drinking and offering for sale intoxicating liquors and where intoxicating liquors are manufactured, bartered, stored and given away in violation of the prohibitory laws of the State of Oklahoma and constitutes a public nuisance."

It will be noted that this warrant states: (a) that defendant possesses intoxicating liquor, (b) that the intoxicating liquor is kept there with the intention of sale, (c) that the place has certain personal property, fixtures and furniture consisting of bars, glasses, jugs, bottles and other furniture, containers and fixtures, (d) and that these devices, fixtures and appliances were being used in aid of such unlawful business, (e) that defendant is engaged in the business of keeping and selling intoxicating liquors to divers persons, (f) that divers persons there congregate for the purpose of buying, selling, drinking and offering for sale intoxicating liquors, (g) that the premises is a place of public resort, and (h) that the same constitutes a public nuisance. The evidence produced on the motion to suppress revealed that defendant's son-in-law had been arrested there on previous occasions for violations of the prohibitory laws. The defendant operated the Alamo Tourist Camp, at 4000 Northwest 39th street, about two miles west of the city limits of Oklahoma City, in Oklahoma county. The premises consisted of a filling station, cold drink stand and residence of defendant, all a part of the same building. Several tourist cabins, about 15 feet from the building searched, were being torn down at this time and were unoccupied. Seven pints of tax-paid liquor were found in a part of the building used as a bedroom by defendant, which was partitioned from the cold drink

stand and filling station by a curtain. Two pints of tax-paid liquor, partially full, were found in the front or business part of the building. Defendant did not testify, but his attorney took the stand and testified that at this time defendant's daughter and son-in-law lived on the same premises. However, on the trial of the case, the officers who conducted the search testified that nobody else lived with defendant on these premises.

The affidavit in this case is similar to many which have been held valid by this court as stating sufficient facts upon which to base the issuance of a search warrant. See Gransbury v. State, 64 Okla. Cr. 423, 82 P. 2d 240; McCullough v. State, 39 Okla. Cr. 293, 264 P. 916; Dobbs v. State, 39 Okla. Cr. 376, 265 P. 658; State v. Skelton, 36 Okla. Cr. 377, 254 P. 754; Smith v. State, 30 Okla. Cr. 144, 235 P. 273; Roberts v. State, 72 Okla. Cr. 40, 112 P. 2d 804; Wagner v. State, 72 Okla. Cr. 393, 117 P. 2d 162. In view of the decisions above cited, we are of the opinion that the affidavit for search warrant stated sufficient facts upon which to issue the warrant in this case.

The defendant also seeks a reversal of this case on the grounds that the search warrant and affidavit do not sufficiently describe the premises searched. The description complained of is found in the affidavit for search warrant heretofore quoted, and we do not deem it again necessary to quote it here. We are of the opinion that it clearly is sufficient, under the rule as stated in the following cases: Shanks v. State, 59 Okla. Cr. 211, 56 P. 2d 1199; Linderman v. State, 43 Okla. Cr. 166, 277 P. 602; Preston v. State, 42 Okla. Cr. 372, 276 P. 784; Smith v. State, 40 Okla. Cr. 366, 269 P. 376; Cook v. State, 40 Okla. Cr. 219, 267 P. 1045; Wofford v. State, 40 Okla. Cr. 18, 266 P. 494; Shanafelt v. State, 38 Okla. Cr. 345, 261 P. 380; Martin v. State, 61 Okla. Cr. 82, 252 P. 451; Scogin

v. State, 61 Okla. Cr. 348, 68 P. 2d. 111. The cases above cited all hold that the place to be searched must be described in the search warrant with such reasonable certainty that an officer to whom it is directed has no discretion as to the place, but can ascertain it from the search warrant itself. The search warrant issued in this case complies with this rule. We are therefore of the opinion that the search warrant and affidavit contain a sufficient description of the premises to be searched.

The defendant further contends that the evidence produced is not sufficient to sustain the judgment and sentence of the trial court. As heretofore stated, defendant was tried by the court without the intervention of a jury. A careful examination of the record in this case reveals that seven pints of tax-paid liquor and two pints of tax-paid liquor, partially full, were found on the premises of the defendant. There were no other persons living on the premises with the defendant. Defendant was conducting the business alone, although the evidence showed that on several previous occasions the officers of Oklahoma county had arrested other persons at this place for unlawful possession of whisky. At the time the officers arrived to conduct the search, defendant was standing at the front doorway of his place holding a partially empty bottle of whisky in one hand and a "coke" in the other. The offense complained of was committed in Oklahoma county. The premises on which the liquor was found was a place of public resort, according to the evidence presented. The defendant introduced no evidence to contradict the statements made by the state's witnesses. Under this state of the law and the evidence, we hold that the trial court committed no error in finding defendant guilty of the crime of unlawful possession of intoxicating liquor.

The judgment and sentence of the court of common pleas of Oklahoma county is therefore affirmed.

JONES, J., concurs. DOYLE, J., absent.