## J. B. LANGHAM v. STATE.

No. A-5627.  Opinion Filed July 31, 1926.
(248 Pac. 349.)

Wilkinson & Saye, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Stephens county on a charge of having unlawful possession of intoxicating liquor and sentenced to pay a fine of $50 and to be confined in the county jail for a period of 60 days.

Over the objection of defendant, evidence obtained

by a search made under a search warrant was introduced in evidence. Omitting the formal parts, the search warrant is as follows:

"Proof of affidavit having this day been made before me by ———— that intoxicating liquors are being manufactured, sold, bartered, or given away or otherwise furnished, or are being kept, for the purpose of selling, bartering, giving away or otherwise furnishing said intoxicating liquors, in violation of the prohibition law of Oklahoma, in that certain building and place located on ———— and ———— in block No. ———— in the city of ————, and known as the Buck Langham place.

"You are therefore, in the name and by the authority of the state of Oklahoma, hereby commanded that, taking all necessary assistance, you immediately, in the daytime or nighttime, make diligent search of the above-described premises and seize all such liquors there found, together with the vessels in which they are contained, and all implements, furniture, and fixtures used or kept for the illegal manufacturing, selling, bartering, giving away, or otherwise furnishing such intoxicating liquors, and safely keep the same and make due return of this warrant within three days from date thereof, with a particular statement of all property seized of the person or persons in whose possession the same was found, if any, and, if no person be found in possession of said property, your return shall so state."

The theory of the state was that the defendant waived the search warrant or defects in the search warrant. The evidence of the state, however, shows that on their way to the defendant's residence where the search was made, they picked up the defendant, and the following appears:

"By Mr. Wilkinson: Q. What did you tell him when you picked him up? A. I told him I was going to search his place.

"Q. Did you tell him you had a search warrant? A. Yes; I told him I had a search warrant.

"Q. When was it you told him you had a search warrant, after you got to the house? A. I don't think there was anything said about the search warrant until we got ready to leave."

When a search is shown to have been made under a void search warrant, the burden is then on the state to show a waiver by a defendant of his constitutional right. This, we think, is not made to appear under the record. The failure to resist or the consent to a search made to an officer armed with a search warrant is not a waiver of the constitutional right against an illegal search. Article 2, § 30, Bill of Rights, is:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 7009, Comp. St. 1921, provides that, where complaint is made before a judge or magistrate by which it is made to appear that the prohibitory law is being violated at any place, the magistrate shall issue a search warrant for the search of the premises described and designated in the complaint. The pretended search warrant in this case is in blank, not naming either the person making the complaint nor the place to be searched. It is therefore a nullity, and a search made by virtue of such warrant is illegal, and evidence obtained thereby on proper objection should have been excluded.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.