## WILLIAM PARKER v. STATE.

No. A-5781. Opinion Filed Oct. 9, 1926.
(249 Pac. 432.)

J. Q. A. Harrod, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of illegally conveying intoxicating liquor and his punishment fixed at a fine of $200 and confinement in the county jail for a term of six months.

From the record, it appears that on the date charged officers of Oklahoma county intercepted defendant and one Rush McGaffey in an automobile. The automobile was closed, and therein, wrapped up and concealed, was a five-gallon jug of whisky. The officers had no warrant or search warrant and did not know that the defendant was in the commission of a misdemeanor until the car was stopped and searched. McGaffey was an old offender and had been several times convicted of the violation of the liquor law. Before the taking of any testimony, defendant moved to exclude the evidence obtained by the officers as having been obtained by an illegal search. The search was illegal, and the evidence

should have been excluded. Article 2, § 30, State Constitution; Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Foster v. State, 25 Okla. Cr. 36, 218 P. 898.

It may not be amiss to point out that since McGaffey, the co-defendant, was a well known "bootlegger," having been several times convicted, that the violation of the liquor law by him was a felony under provisions of section 6991, Comp. Stat. 1921. A legal arrest of him might have been made if the facts warranted, if the officers had reasonable cause to believe he was engaged in transporting whisky, under the provisions of the second, third, and fourth subdivisions of section 2471, or the provisions of section 2473, Comp. Stat. 1921. This was not done, however. The arrest was not predicated upon the theory that the officers had reasonable cause for believing a felony to have been committed. The prosecution is for a misdemeanor. If the arrest had been for a felony, upon reasonable cause, the search of the person of the defendants and their immediate surroundings would have been legal. But since the arrest was for a misdemeanor and no offense was committed in the presence of the officers as required by law to authorize an arrest, the arrest and search was illegal.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.