## WILL WOFFORD v. STATE.

No. A-6035.   Opinion Filed April 21, 1928.
(266 Pac. 494.)

H. P. Hosey, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McCurtain county on a charge of violating the prohibitory liquor law and was sentenced to pay a fine of $250 and to be confined in the county jail for a period of 90 days.

The record discloses that at the time charged the sheriff with a search warrant went to the premises of defendant, which were in the extreme northeastern corner of McCurtain county, and made a search of the premises and residence and found about a gallon of whisky in different fruit jars, and a trapdoor in the barn, and under that a keg with a siphon appearing to have been freshly emptied of whisky, and three sacks of sugar. The wife of defendant broke the fruit jars containing the whisky, but some was preserved by the officers in a jug. Defendant testified that the officers procured only about three quarts of whisky; that he had that for his own use and not for sale.

The only contention argued is that the affidavit for a search warrant and the search warrant are insufficient for the reason that it does not sufficiently describe the place to be searched. The affidavit describes the place to be

searched as "the premises of Will Wofford, about three miles north of Cheatham, Ark., in the county of McCurtain, state of Oklahoma." The search warrant is as follows:

"Proof by affidavit having this day been made before me by J. R. Jones, that (a) large quantities of intoxicating liquor, mixtures and compounds are being kept on the premises of Will Wofford, you are therefore, in the name and by the authority of the State of Oklahoma, hereby commanded that, taking all necessary assistance, you immediately, in the daytime, make diligent search of the above-described premises, and if any or all of the above described property be found upon said premises or upon the person of the said Will Wofford that you take the same into your custody, and forthwith arrest the said Will Wofford and bring him, together with said property, forthwith before me at my office in Idabel in said county, then and there to be dealt with according to law."

Section 7012, Comp. St. 1921, provides that no warrant shall issue but upon probable cause supported by oath or affirmation describing as particularly as may be the place to be searched and the person or thing to be seized. Section 7009 provides that when it shall be made to appear to any judge of any court of record or justice of the peace that there is probable cause to believe that liquor is being kept for the purpose of violating the prohibitory law, such officer may issue a warrant directed to any peace officer in the county commanding him to search the premises described and designated in such complaint and warrant. This court, in conformity to the authorities, has held that the description in the warrant shall be sufficiently definite that no discretion is left to the officer making the search. Langham v. State, 35 Okla. Cr. 57, 248 P. 349; Turknett v. State, 36 Okla. Cr. 401, 254 P. 985.

The prohibition enforcement act does not provide a form for search warrant. But the general law as to search warrant, section 2881, Comp. St. 1921, does set out a form providing that the search warrant shall describe the place

to be searched with reasonable particularity. The officer derives his authority to make the search from the warrant; the court should not require a technical description of the place to be searched but it should be sufficient to show jurisdiction and not so broad as to permit a search generally, but should limit the search by reasonable certainty to the particular place described. Cornelius, "Search and Seizure," §116 et seq.

The recital and description in the warrant before us is not sufficient under any authority we have been able to find. It will be seen that no description whatever is contained in the warrant other than "the premises of Will Wofford." The place to be searched is not located in any town, township, community, upon any highway, nor even within the county of McCurtain, or state of Oklahoma. This lack of description under the provisions of sections 2881, 7009, 7012, Comp. St. 1921, renders the warrant invalid. All the evidence having been obtained by search under an invalid search warrant, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.