GEORGE LINDERMAN et al. v. STATE.

No. A-6573. Opinion Filed May 18, 1929.
(277 Pac. 602.)

R. C. Roland, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were convicted of a charge of having the unlawful possession of intoxicating liquors with intention of selling, bartering, giving away, and otherwise furnishing the same to others, and the punishment of C. L. Linderman fixed at $250 fine and costs, and imprisonment in the county jail for a term of 90 days; and the punishment of George Linderman fixed at $50 fine and costs, and imprisonment in the county jail for a term of 30 days. Motion for new trial was filed, considered, and overruled, and the defendants have appealed to this court.

The state offered testimony of W. C. Keirsey, a deputy sheriff, which, in substance, is as follows: That on the 23d day of August, 1926, he went to the home of the defendants; that he had a search warrant and searched for liquor. The state then introduced Exhibit A, which was a complaint for a search warrant, and Exhibit B, the search warrant. To the offering of the two instruments in evidence the defendants objected, for the reason "that the affidavit is not sufficient in law to authorize a search of defendants' home. And for the further reason that this is a general application for a search warrant signed by

W. C. Keirsey, without sufficient showing of his knowledge of matters alleged in the affidavit."

And to this objection they requested the court to allow them to ask the witness a few questions. The Court: "Go ahead." The witness was asked several questions by the defendant, and stated that he had no personal knowledge of the facts alleged, but he had information, and that the affidavit was on information and belief. The defendant then moved to suppress the affidavit and search warrant made on information and belief. On redirect examination of the witness the state showed that the witness claimed to have searched this place about 60 days prior to this time, and that it bore the reputation of being a place where intoxicating liquor may be had, bought, or sold to others. To this question by the state the defendant objected on the ground that it was incompetent, irrelevant, and immaterial. The court overruled the objection, and the defendant saved an exception.

The application for a search warrant was then introduced in evidence, and, omitting the caption, that part we deem necessary to set out for the purpose of this opinion, is as follows: "W. C. Keirsey, of lawful age, being duly sworn, on oath deposes and says: That in Carter County, State of Oklahoma, on the 21st day of August, 1926, the above named defendant, C. L. Linderman, at number on Sec. No. 15 in the county of Carter, State of Oklahoma, in a certain building described as follows: 1 story wood and all out buildings, in Carter County, did, then and there unlawfully have in their possession and under their control, and do now keep for the purpose of selling, bartering, giving away and otherwise furnishing certain intoxicating liquors, described as follows to wit: Whisky, beer and wine, and other compounds, the same being in-

toxicating, and which are capable of being used as a beverage, in violation of law, contrary to the form of the statutes, in such cases made and provided against the peace and dignity of the State of Oklahoma."

The search warrant issued by the justice of the peace, based upon the complaint contained in the statements, supra, does not conform to the description in the affidavit for the search warrant, but reads as follows: "C. L. Linderman and John Doe, whose real name is not known, has sundry liquors, on Sect. 15 S. W. of Healdton, Oklahoma, in a certain building described as a 1 story wood building, and all other out buildings on said place in Carter County, Oklahoma."

There are many errors set forth in the assignments of the defendants, and considerable testimony was taken as to what was found at the place the sheriff claims he searched, the place he searched being the home of the defendant, but in the view we take of this record, it is not deemed necessary to set out at length the testimony or the other objections made by the defendants.

It is urged by the defendants with considerable force that the affidavit for the search warrant is indefinite and uncertain, and does not describe the place with that particularity required by the statute. Section 30, art. 2, of the Bill of Rights, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 7009, C. O. S. 1921, provides:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this Act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer," etc.

Section 7012, C. O. S. 1921, provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

It will be further noted that the affidavit does not charge that the premises were occupied by C. L. Linderman as a residence. It will also be noticed that the description in this affidavit for the search warrant is indefinite, and does not particularly describe any place to be searched with any degree of certainty, only stating section 15 in the county of Carter. Under the description in the affidavit for the complaint, no officer unfamiliar with the country could have located definitely the place to be searched. The court will take judicial notice that there have been proper surveys made in all the counties of Oklahoma, and that the lands are described by sections, township, and range, and subdivisions of sections; that the officer, if he had taken pains, could have ascertained and set forth in the affidavit and search warrant a particular description of the place to be searched. It is not charged that the premises they desired to search were owned by the defendant or that he occupied the same as a residence. In the prohibition act there is no form for a search, but the general law as to search warrants, section 2881, C. O. S. 1921, does set out a form providing that a search war-

rant shall describe the place to be searched with reasonable particularity. The authority of the officer to make the search is derived exclusively from the provisions of the warrant. The description in the warrant of the place to be searched and the thing to be seized should be sufficient to show jurisdiction, and should not be broad enough to permit a general search, but should be limited by reasonable certainty to the particular place described to comply with the provisions of sections 7009, 7012, and 2881, C. O. S. 1921.

The affidavit for the search warrant, and the search warrant based thereon, under which the officers claim to have been acting when they searched the residence of the defendants, was unlawful for want of a proper description, and void, and any search made by the officers of the defendants' premises was without authority of law. The objection of the defendants to the introduction of the application for the search warrant, the search warrant, and the testimony of the officer secured by reason of the search, based upon the search warrant, was well taken, and should have been sustained. The search warrant being void, the seizure of any property found on defendant's premises was unlawful and without authority of law, and was inadmissible as evidence against the defendants. Hall v. State, 34 Okla. Cr. 334, 246 Pac. 642; Brandt v. State, 34 Okla. Cr. 400, 246 Pac. 1106; Cook v. State, 40 Okla. Cr. 219, 267 Pac. 1045; Wofford v. State, 40 Okla. Cr. 18, 266 Pac. 494; Turknett v. State, 36 Okla. Cr. 401, 254 Pac. 985.

The place to be searched is not sufficiently described in the affidavit for the search warrant. All the evidence having been obtained by a search under an invalid affidavit and search warrant, the case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.