## M. M. HOUCHIN v. STATE.

No. A-8938.   Dec. 27, 1935.

(52 Pac. [2d] 1085.)

J. H. Warren and R. H. Warren, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith. C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Choctaw county, August 9, 1934, the defendant, M. M. Houchin, did have in his possession three pints of whisky with the unlawful intent to sell and dispose of the same.

It appears from the record that the defendant waived a jury trial, the state consenting, and it was agreed that the case be tried and determined by the court without the intervention of a jury. Thereupon the court proceeded to try the case. After hearing the evidence, the court found the defendant guilty as charged in the information, and fixed his punishment at confinement in the county jail for thirty days and a fine of $50.

Motion for a new trial was duly filed, presented, and overruled. On March 23, 1935, the judgment appealed from was duly entered.

The assignments of error relied upon for a reversal of the judgment are that the judgment of the court is contrary to the law and to the evidence.

Our State Constitution (art. 7, § 20) provides:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

In the case of Cowden v. State, 5 Okla. Cr. 71, 113 Pac. 202, it is held, that this constitutional provision applies to criminal as well as civil cases, and is self-executing, and where the defendant waives a trial by jury, the state consenting, all questions of fact are for the court, and the court is authorized to try the question of guilt of the accused on a plea of not guilty. In re Wilkins, 7 Okla. Cr. 422, 115 Pac. 1118.

The state relied for this conviction upon the testimony of B. B. Burrough and Cap Duncan, deputy sheriffs, admitted over the defendant's objection that it was obtained by an unlawful search. Their testimony was to the effect that they searched the defendant's place and found three pints of whisky.

When the case was called for trial, the defendant filed a motion to suppress evidence on the ground that the same was obtained by means of an unreasonable search and seizure and without the service of any search warrant. The defendant, in support of the motion, testified that when the officers came to his place, Mr. Duncan handed him a paper and said, "I want to search your place"; witness produced the paper. It was an unsigned copy of an affidavit for a search warrant, showing that the same was made on information and belief, without stating f a c t s showing probable cause.

Cap Duncan testified that he handed the defendant a paper and thought it was a copy of the search warrant; that was the only paper he served.

The motion to suppress was overruled.

When the state rested, the defendant also rested his case, and moved for an acquittal on the ground that all the evidence was obtained unlawfully, and that the evidence was insufficient to warrant a conviction. Motion over-ruled.

The record shows beyond a doubt that no search warrant was served, as required by law, and the search of the defendant's place was without authority of law, unless the defendant waived his constitutional rights.

The witness Burrough testified that the defendant showed him where the whisky was, three pints, and said that it was his, and did not make any request for a search warrant.

In Langham v. State, 35 Okla. Cr. 57, 248 Pac. 349, it is said:

"When a search is shown to have been made under a void search warrant, the burden is then on the state to show a waiver by a defendant of his constitutional right. This, we think, is not made to appear under the record. The failure to resist or the consent to a search made to an officer armed with a search warrant is not a waiver of the constitutional right against an illegal search."

In Shockley v. State, 35 Okla. Cr. 437, 251 Pac. 514, this court held:

"A statement by defendant, to an officer having a search warrant, to go ahead, held insufficient to constitute a 'waiver' of his constitutional rights."

It has been repeatedly decided by this court that evidence in liquor prosecutions, obtained by an unlawful search and seizure, contrary to section 30 of the Bill of Rights, is inadmissible against the defendant, as being in violation of section 21 of the Bill of Rights, giving one accused of crime immunity from becoming a witness

against himself. Committi v. State, 28 Okla. Cr. 380, 231 Pac. 316, and cases collated.

The judgment of the lower court is reversed, and cause remanded, with direction to discharge the defendant.

DAVENPORT, P. J., and EDWARDS, J., concur.