CLARA PRICE v. STATE.

No. A-8945.  Jan. 10, 1936.
(53 Pac. [2d] 591.)

Glen O. Morris and George Miller, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smih C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was jointly charged and tried with Carl Mooneyham, was convicted and sentenced to pay a fine of $300 and to be imprisoned in the county jail of Oklahoma county for a period of 90 days.

The information in this case charges:

"That in Oklahoma County, and State of Oklahoma, Carl Mooneyham and Clara Price did on the 15th day of December, 1934, commit the crime of illegal possession of intoxicating liquor, in the manner and form, as follows: That they did then and there unlawfully, willfully and wrongfully have the possession of a certain quantity of intoxicating liquor, to wit: one gallon of whiskey."

Motion for a new trial was filed, presented, and overruled, and the defendant duly excepted. Before the case was called for trial, a motion to suppress the evidence claimed to have been secured by the state was made, on the following ground, among others:

"That such search warrant is ineffective, void, and does not state facts sufficient for a search of the home and residence of this defendant."

The defendant, Clara Price, testifying in support of her motion to suppress the evidence, offered in evidence what is designated as "Plaintiff's Exhibit A" which is entitled, "State of Oklahoma, County of Oklahoma, SS. Search Warrant." No property is described in the warrant, nor has it any date, but E. K. Wall's (justice of the peace) name appears at the proper place on the copy. The defendant testified positively that the paper intro-

duced by her was the only paper served on her when they searched her home.

The state called W. E. Agee, who testified he was a deputy sheriff in Oklahoma county, identified a copy of what purported to be a search warrant, and stated that the copy he identified, and which has been marked "Plaintiff's Exhibit One," is a copy of the search warrant he served on the defendant, which was introduced in evidence, over the objection of the defendant.

On cross-examination it was brought out that the writing in the copy that the deputy presented was filled in the warrant in the sheriff's office and then taken to the justice of the peace for his signature. Witness stated that the justice of the peace signed them by slipping his own carbon under the warrants. The deputy further testified as follows:

"Q. Have you a pad of these? A. Large number. Q. And the signature of E. K. Wall, justice of the peace, as written on the original shows to be his signature on these carbons, does it not? A. Yes, sir, it does."

So far as this court knows, no original search warrant was in existence. It was not produced in court, and the officer, in attempting to justify his conduct, offered in evidence what he says is a copy of the search warrant that he served on the defendant.

There are many other questions raised in this case, but the question of the service of a legal search warrant is the only question the court deems it necessary to consider. It has often come before this court where officers would possess pads of blank warrants and carry them around with them, having the justice of the peace's signature attached to them, and fill them in when they deemed it necessary.

The testimony of the officer in this case is not clear as to how many of the blanks in the pad he admits he had, which had been signed by the justice of the peace. There is no reason given by the state why its officers do not exercise the proper care and diligence in serving their papers after they have been duly and regularly issued by the proper authorities. The copy of the search warrant that the officer presents, claiming to be a copy of the one he served on the defendant, is a John Doe warrant, and does not mention the defendant in this case.

The motion of the defendant to suppress the evidence was overruled, and exceptions properly saved. It is perfectly clear to this court that no legal search warrant was served as required by law, and that the search of the defendant's place by the officers was without authority of law unless the defendant waived her constitutional rights. It has been repeatedly decided by this court that the evidence in liquor prosecutions obtained by illegal search and seizure contrary to section 30 of the Bill of Rights is inadmissible against the defendant as being in violation of section 21 of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself. Committi v. State, 28 Okla. Cr. 380, 383, 231 Pac. 316; Houchin v. State, 58 Okla. Cr., 329, 52 Pac. (2d) 1085.

The view we take of this record, it is not necessary to consider the other assignments.

The judgment of the lower court is reversed, and the case remanded, with directions to discharge the defendant.

EDWARDS and DOYLE, JJ., concur.