## C. W. TIPTON v. STATE.

No. A-10198.    Feb. 10, 1943.
(134 P. 2d 154.)

Zink & Cunningham, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, C. W. Tipton, was charged in the county court of Kiowa county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $100, and has appealed.

There are many assignments of error set forth in the brief of defendant, but in the view which we have taken of this case it becomes necessary to discuss only one of them.

It is insisted that the court erred in overruling the motion filed by the defendant to suppress the evidence for the reason that the description of the property to be searched is defective and insufficient.

The description in the search warrant was as follows:

"The second house south of the Chicoline Feed Mills, being a square white house located between the Blackwell, Enid, Southwestern R.R. Tracks and Eastern Ave. at

approximately the southeast corner of the City of Hobart, Kiowa County, Oklahoma."

The evidence of the defendant was to the effect that there were no buildings in his vicinity known as the Chicoline Feed Mills and that if there had been such a business it would have been necessary to have given the legal description of it because it was not a landmark nor so prominent in itself that it could be found without a resort on the part of the officer to other evidence to ascertain its location.

Two witnesses testified for the defendant that they did not know anything about the Chicoline Feed Mills, but that they did know of the Chickasha Cotton Oil Company, which was located near the home of defendant. It further appears that the railroad tracks mentioned in the search warrant had been owned by the St. Louis & San Francisco Railroad since 1910. That prior to such time it had borne the name of Blackwell, Enid, Southwestern Railroad. The evidence of the state further disclosed that there were several buildings between the tracks commingled together, some of them belonging to the Chickasha Cotton Oil Company and some to the Chicoline Feed Mills. The Chicoline Feed Mills were not known generally in the community and none of the witnesses who testified knew exactly which of the buildings belonged to the Chicoline Feed Mills and which to the Chickasha Cotton Oil Company. It is further shown that the house of defendant was over two blocks from the southeast corner of the city.

Under this state of the record it is apparent that an officer executing the search warrant would have been unable to have served it upon the defendant at his residence without resorting to evidence outside of the description contained in the search warrant to determine the correct location of defendant's home.

It is settled law that the place to be searched must be described in the search warrant with such reasonable certainty that the officer to whom it is directed has no discretion as to the place to be searched but can ascertain it from the search warrant itself. Cook v. State, 40 Okla. Cr. 219, 267 P. 1045; Wofford v. State, 40 Okla. Cr. 18, 266 P. 494; Smith v. State, 40 Okla. Cr. 366, 269 P. 376; Preston v. State, 42 Okla. Cr. 372, 276 P. 784, reversing 40 Okla. Cr. 403, 269 P. 507; Linderman v. State, 43 Okla. Cr. 166, 277 P. 602.

For the reasons hereinabove stated, the court erred in overruling the motion to suppress the evidence.

The judgment of the county court of Kiowa county is accordingly reversed and the defendant discharged.

BAREFOOT, J., concurs. DOYLE, J., absent.