## MRS. EPHE DAVIS v. STATE.

No. A.-10154.    June 30, 1943.

(139 P. 2d 610.)

130

Wm. T. Powell, of Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   This is an appeal from a conviction in the district court of Cotton county for the crime of possession of intoxicating liquor, second offense, wherein the defendant, Mrs. Ephe Davis, was sentenced to sixty days in the county jail and to pay a fine of $50.

The search warrant, which was the basis for the authority by which the officers seized certain liquor at the defendant's home, described the premises to be searched as follows: "E½ of 40 acres Quarter of Section First yellow three room house west of the railroad track No. 26 Township 2 S, Range II W. I. M. or lots Nos. Block No. —— in the —— Addition to the City of Cotton County, Oklahoma."

A motion to suppress the evidence based on the insufficiency of the description in the search warrant and for the further reason that the affidavit to obtain the search warrant was not sworn to, as required by law, was overruled with exception saved by the defendant.

It is a well settled rule that a search warrant must describe the place to be searched with such definiteness that the officer to whom it is directed may make it ascertainable from examination of the warrant, leaving no discretion as to the place to be searched. Cook v. State, 40 Okla. Cr. 219, 267 P. 1045; Linderman v. State, 43 Okla. Cr. 166, 277 P. 602; State v. Linthicum, 67 Okla. Cr. 435, 94 P. 2d 857.

It does not require an extended discussion to point out that the description above set forth is confusing. It is impossible for this court to say just what premises are attempted to be described. We have read and reread this description and we are unable to state just what premises the officers were directed to search. We do not know whether it is section "First" or section No. 26, or whether the No. 26 refers to railroad track No. 26. This instrument is carelessly prepared and we cannot approve it. It is so entirely confusing that we are of the opinion the motion to suppress the evidence, because of a misdescription of the premises to be searched, should have been sustained.

With this view it becomes unnecessary to discuss the other assignments of error.

The judgment of the district court of Cotton county is reversed and remanded with instructions to dismiss.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.