WILLIAM (BILL) HUDSON v. STATE.

No. A-10767.　Nov. 12, 1947.

(187 P. 2d 275.)

Wade Arends and Mathers & Mathers, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.  This is an appeal from a conviction sustained in the court of common pleas of Oklahoma county for the offense of illegal possession of intoxicating liquor.

No brief has been filed on behalf of defendant and no appearance was made at the time the case was assigned for oral argument.

In examining the record to see whether there is any fundamental error which would require a reversal of the judgment of conviction we have found that the only question involved is the alleged error of the court in overruling the motion to suppress evidence.

In the motion to suppress evidence, counsel for the defendant contended and put on proof to show that the number on the defendant's house which was searched by the officer was 1330 East Reno whereas the search warrant was directed to search a frame dwelling house bearing the number 1332 on East Reno. At the hearing on the motion to suppress evidence, the officer who executed the search warrant swore that he went to the premises of the defendant the day before the search warrant was issued and at that time the house bore the number 1332. The witness further testified that at the request of the counsel for defendant he went to the premises again the day before the hearing and at that time he saw the number

1330 painted on a small board 10 or 12 inches long and tacked to the porch of defendant's house. The officer stated that that was not the number that was on the house at the time the search was made. The proof further showed that the only house in the block was east of defendant's dwelling and it bore the number 1312.

Under the circumstances the issue raised by the defendant called for a finding of the court on a disputed question of fact as to whether the search warrant sufficiently described the premises of defendant so as to enable the officer to make the search without resort to any other evidence than that contained in the warrant. Tipton v. State, 76 Okla. Cr. 77, 134 P. 2d 154.

The trial court made its finding adverse to defendant's contention and upholding the correctness of the description set forth in the warrant. There is competent evidence in the record to sustain this finding.

The judgment and sentence of the court of common pleas of Oklahoma county is accordingly affirmed.

BAREFOOT, P. J., and BRETT, J., concur.