## DAWSON v. STATE.

No. A-10996.   Sept. 21, 1949.

(210 P. 2d 209.)

J. Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for the State.

JONES, P. J.  The defendant, Felix Dawson, was convicted in the county court of Kiowa county, with the unlawful possession of intoxicating liquor, and sentenced to serve 30 days imprisonment in the county jail, and pay a fine of $50.

The sole question presented by this appeal is whether the description of the alleged premises of the defendant, which was set forth in the affidavit to obtain the search warrant and also in the warrant, was sufficient to legally authorize the officers to make a search of defendant's premises and seize the intoxicating liquor.

The description reads:

"Proof by affidavit having been made this day before me by a competent person, to wit: Roy Nicholson, showing that on the 25th day of August 1947 Felix Dawson, whose more full, true and correct name is unknown, in a certain building and on certain premises described as follows, to wit: A SE¼ of SE¼ of SE¼ of SE¼ of Section 32; Township 7 N. Range 19 W; 2 M." in said county and state.

Defendant contends that there is no range 19 W; 2 M in Kiowa county, but concedes there is a range 19 W.I.M. The abbreviation W.I.M. is generally recognized in Oklahoma as meaning West of the Indian Meridian. All lands in Oklahoma lie either east or west of the Indian Meridian. All lands in Kiowa county, which is located in the southwest part of Oklahoma, lie west of the Indian Meridian.

The law is well settled that the warrant must so particularly describe the place to be searched that the officer executing the warrant will be able to find the place

without the aid of any other information save that contained in the warrant. Davis v. State, 77 Okla. Cr. 129, 139 P. 2d 610; State v. Linthicum, 67 Okla. Cr. 435, 94 P. 2d 857.

If the description had read sec. 32; township 7 N. range 19 W., there would have been no question as to the sufficiency of such description in view of the decisions of this court. The common and accepted meaning of such abbreviations would show that the description was for the premises located in section 32; township 7 north, range 19 west of the Indian Meridian. The question then arises as to whether the addition of the letters 2 M following W, rendered the description invalid. We do not know whether the affiant who executed the affidavit to obtain the warrant was attempting to insert a further description to aid the officers, or whether the letters 2 M were a typographical error and were meant to be I.M. to denote Indian Meridian. There is only one section 32; township 7 N., range 19 in Kiowa county. There is no other range 19 other than range 19 West of the Indian Meridian. The legal description of the premises occupied by the defendant set forth in the warrant is correct, if the trial court's conclusion that the description pertained to and covered land located in range 19 is correct. There is no other section of land in Kiowa county which had such a similar description so as to have caused confusion in the minds of the officers as to the premises to be searched.

It is our conclusion that the description was sufficient to comply with the law and authorize a search of the premises occupied by the defendant. The letters 2 M would be considered as surplusage and the insertion of these letters whether intentionally or by typo-

graphical error, are not such as to defeat the warrant and invalidate the search.

The judgment and sentence of the county court of Kiowa county is affirmed.

BRETT and POWELL, JJ., concur.