## STORY v. STATE.

No. A-11766. May 6, 1953.

Rehearing Denied July 15, 1953.

(258 P. 2d 706.)

Moore & Fitzgerald, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. and James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, P. J.  Robert Reggie Story, same person known as Bill Story, Sr., was charged in the county court of Payne county jointly with two of his sons, with the crime of unlawful possession of intoxicating liquor.  A jury found defendant guilty and fixed his punishment at a fine of $500 and ninety days imprisonment in the county jail.  The case is here on appeal.

Counsel in brief for reversal points out that prior to the trial and after information had been filed, a motion to suppress the evidence was sustained by the regular county judge.  In the order entered by the court it was held that the search warrant in the case was invalid in that the property described both in the application for the search warrant, and in the search warrant, was set out as being situated in Washington Heights Addition to the city of Cushing, whereas the officers conducting the search actually invaded lots 45, 46, 47, 48, 49, 50, 51, and 52, of block 8 of Maywood Place Addition to the city of Cushing.  The record does not reflect the evidence introduced in support of the motion to suppress, nor is the affidavit for the search warrant or the search warrant shown.  By reason of the order sustaining the motion to suppress, however, the evidence, if any, obtained by a search of the property actually occupied by the defendant could not properly be considered by the jury in the case filed as a result of the search of the property in question, and in the absence of the record setting out the evidence heard on motion to suppress, this court will assume that there was sufficient evidence to support the action of the court.  Wirth v. State, 79 Okla. Cr. 59, 151 P. 2d 819.

It is, of course, basic that evidence procured by an illegal search and seizure where timely objection is made, should be excluded.  Parker v. State, 35 Okla. Cr. 196, 249 P. 432; Houchin v. State, 58 Okla. Cr. 329, 52 P. 2d 1085; Price v. State, 58 Okla. Cr. 356, 53 P. 2d 591.

We would point out that the order in question did not purport to suppress any evidence except such as might have been obtained from the search of the premises heretofore described, as sought in the motion, and, of course, as a matter of law, the order was so limited.

After the regular county judge had entered the order in question, the defendant applied to the court to certify his disqualification, which he did.  The case was tried before a special judge, agreed upon by the parties.

The evidence developed on the part of the state that the officers, who entered on the premises described in the motion and order to suppress, did not discover any liquor on said premises, and none was offered in evidence purporting to have been so discovered.  The state did prove by the county surveyor the exact location of the property occupied by defendant in the city of Cushing, and particularly with reference to the Santa Fe Railroad right-of-way paralleling this property to the south; proved by the county deed records that defendant claimed title to the lots heretofore described, and proved that on the day and date charged in the information that officers while searching in the weeds along the Santa Fe right-of-way south of a galvanized iron and tin fence that enclosed defendant's property and separated the same from the right-of-way in question, discovered on the adjoining right-of-way, a regular whiskey case "laying up on the edge instead of flatways, had a small hole cut in the corner, it had two lids, outside and inner lid, and there was a hole cut in there big enough to reach in and pull out a pint of whiskey."  This case was short two pints.  The officers also found a "gunnysack which was also by the fence with six or seven pints of full whiskey

in it." The deputy discovering the liquor stated that several bottles in the sack had been broken so that he smelled a strong odor of alcohol as he searched the right-of-way, and that when he lifted the sack whiskey dripped out.

Counsel for the defendant in his opening statement to the jury insisted that the liquor was found on the railroad right-of-way and his cross-examination of the state's witnesses was based upon such premise, and the evidence of Marion Hamil, for the defense, so indicated. Such being the facts developed, the order entered suppressing the evidence did not relate to or affect evidence obtained on adjoining property not owned nor controlled by the accused. Trent v. State, 95 Okla. Cr. 225, 242 P. 2d 470. We therefore conclude that it was not error for the court to admit in evidence testimony concerning, and the liquor discovered on the railroad right-of-way adjoining defendant's premises on the day and date set out in the information. James v. State, 94 Okla. Cr. 239, 234 P. 2d 422.

A number of photographs were admitted in evidence that were made from the railroad right-of-way and that showed the details of defendant's fence along said right-of-way, showed a loose piece of tin that permited access to the liquor as well as a "bed spring" gate permitting access to the right-of-way, and showed the tall grass affording a screen from the railroad and for distances from said premises. Also, a number of persons testified to the frequent visits of taxicabs to defendant's premises, its reputation in the community as being a place where whiskey could be purchased, etc.

The defendant did not testify but his codefendant sons did, and were by the jury found not guilty. It was shown that they did not live with their father, though they visited his home frequently and were there the day of the search.

We have examined the instructions given by the court, which included one on circumstantial evidence, and we conclude that there was sufficient competent evidence introduced to support a verdict of guilty. We do find, however, that the court failed to strike testimony of certain of the state's witnesses, and instruct the jury not to consider the same, where such witnesses, being trespassers on defendant's property by reason of the search warrant, determined to have been void, were permitted over the objections of counsel for the defendant to describe the yard and outbuildings of defendant's premises as viewed from said premises. This does not mean that witnesses could not have testified to the arrangement of defendant's premises and any facts gathered from viewing the same from any point outside accused's yard, where witnesses had a right to be. See Taylor v. State, 95 Okla. Cr. 98, 240 P. 2d 803, 814; Edwards v. State, 94 Okla. Cr. 11, 228 P. 2d 672. But the incompetent evidence actually admitted and mentioned may have caused the jury to assess the heavy penalty inflicted. We do not feel, for the reason stated, that the error justifies reversal, but it does require in all good conscience a modification of the punishment imposed. 22 O.S. 1951 § 1068. We therefore modify the fine to $250, and the jail sentence to sixty days, and as so modified, the judgment and sentence of the county court of Payne county is affirmed.

BRETT and JONES, JJ., concur.