## HEDGES v. STATE.
### No. A–11878.

Criminal Court of Appeals of Oklahoma.
Jan. 13, 1954.

Herbert K. Hyde, Lee Williams, Carroll Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal from a conviction sustained by the defendant William H. Hedges in the Court of Common Pleas of Oklahoma County for the unlawful possession of whiskey.

The sole issue on appeal is whether the trial court committed error in overruling the motion to suppress evidence presented by the accused prior to the trial.

The basis for the motion to suppress was the contention that the search warrant did not describe the premises upon which the whiskey was found and further that it was a blanket search warrant.

The affidavit for the search warrant and the search warrant itself described the premises to be searched as being occupied by "John Doe or Mary Doe," and further described the premises as "a one-story frame dwelling house and the premises located at the rear of 615 Northwest Fourth Street in Oklahoma City, Oklahoma County, Oklahoma."

Several witnesses testified in support of the motion to suppress. Their testimony can best be summarized by the testimony of John L. Abernathy, who testified that he operated a wholesale automobile upholstery establishment at 615 Northwest Fourth Street in Oklahoma City. He related that his establishment was located in a building which had formerly been an old frame dwelling house, to which had been added a brick and glass store front about ten feet wide, so that the building at 615 Northwest Fourth Street consisted of a combination brick and wood building, with the old frame dwelling house subdivided into two parts, and with the defendant occupying the west apartment of the wooden part of the building while Abernathy's business occupied the brick and glass front and extended back through the east side of the wooden part of the structure. He further testified that to the rear of the building was a small one-story frame house consisting of two rooms, a shower, and a shed.

The officers searched the apartment occupied by the defendant and found the whiskey in question.

Hazel DeGarmo testified that she formerly lived in the one-story frame house at the rear of the building at 615 Northwest Fourth Street. However, at the time the search was made, she was not living there and the building was being used by Mr. Abernathy as a storage place in connection with his business.

 We cannot uphold the contention that the search warrant was defective because it was a blanket search warrant covering the place of abode of several different families, such as that held defective in Linthicum v. State, 66 Okl.Cr. 327, 92 P.2d 381, and Myer v. State, 34 Okl.Cr. 421, 246 P. 1105.

However, we are convinced that the warrant did not correctly describe the apartment occupied by the defendant and in which the intoxicating liquor in question was seized by the officers. The policeman testified that the whiskey was seized "in the frame part" of the "combination brick and frame structure" on which the number "615" was on the front end of the building, and Officer Peddicord testified, "There is another small, one-story frame building, white, next to the alley, in the back of 615 West Fourth," which was not searched.

It is established law that a search warrant must so particularly describe the place to be searched that the officer executing the warrant will be able to find the place without the aid of any other information save that contained in the warrant. Dawson v. State, 90 Okl.Cr. 30, 210 P.2d 209; Kutz v. State, 83 Okl.Cr. 324, 177 P.2d 139; Pitzer v. State, 69 Okl.Cr. 363, 103 P.2d 109.

The State contends that the apartment in which defendant lived was in the frame building in the rear of the brick and glass front and that although attached to the brick and glass front of the building it was still to the rear of that portion of the building and was therefore correctly described in the warrant. We cannot sustain this contention. There were two buildings on the lot in question, a combination brick and frame building on the front of the lot and a small one-story, two-room frame building on the rear. The defendant was not named in the warrant and the description fitted exactly the small frame dwelling house in the rear of the lot and was not sufficiently explicit to legally authorize a search of defendant's apartment.

By statute it is specifically provided that the search warrant for intoxicating liquor shall command the officer to whom the warrant is directed to search the premises described in the warrant. Title 37 O.S.1951 § 84. That was not done in the instant case.

The trial court having erred in overruling the motion to suppress evidence, it is ordered that the judgment and sentence of the Court of Common Pleas of Oklahoma County is reversed with instructions to discharge the defendant.

POWELL, P. J., and BRETT, J., concur.