Lawrence Lee LEASON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12145.

Criminal Court of Appeals of Oklahoma.
July 20, 1955.

Hill & Nix, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Lawrence Lee Leason, defendant below, was charged by information, and convicted, in the County Court of Pittsburg County, Oklahoma, with having committed the offense of being in the unlawful possession of a small quantity of intoxicating liquor.

Defendant complains that the trial court erred in overruling his motion to suppress the evidence. The evidence herein discloses that the defendant was engaged in operating, in connection with his home, a Dine and Dance Establishment. It appears that on the night of September 11, 1954, the sheriff and two of his deputies entered the defendant's place, and served a void search warrant on his wife, and made a search of the house and premises. The record discloses that they found no liquor in the defendant's Dine and Dance Establishment, and home. However, they did find a path leading from the door at the house, across the yard and wooded area of the defendant's premises to a wire fence, where two wires were pried apart, apparently for easy exit and entrance to the defendant's premises. Across the fence, and in an open wooded area adjacent to the house, they found seven pints of assorted whiskey.

The sufficiency of the search warrant was questioned, herein, as well as the sufficiency of the search, to support the seizure of the whiskey, and the evidence in relation to the seizure thereof. It appears from the record that the trial court quash-ed the search warrant (for the reason that it did not describe the defendant's premises). The record supports this finding, but the trial court did not suppress the evidence for the reason, the facts disclose that the whiskey was found on premises other than the defendant's and that the defendant could not be heard to complain of the evidence obtained on the premises not belonging to him.

We are of the opinion that the trial court erred in holding that the evidence of the liquor thus being found upon adjacent premises was not a void search and seizure. The whole proceeding was void ab initio, or from the beginning. The leads directed to the liquor found on the adjacent premises was by reason of an illegal search predicated upon a void search warrant, which did not describe the defendant's premises. In Simmons v. State, Okl.Cr., 277 P.2d 196, 198, we said:

"We are convinced that if the officers had gone into the pasture without a warrant of arrest or search warrant and made a search of the woodland area outside of the curtilage of the dwelling house, the search would have been valid under many authorities from this jurisdiction. Taylor v. State, [95 Okl. Cr. 98] 240 P.2d 803; Mitchell v. State, 38 Okl.Cr. 167, 259 P. 661. However, the officers did not do that. They first made an illegal search of defendant's automobile and acting on the basis of the leads thus obtained and because of the suspicion developed from the illegal seizure of whiskey in the automobile, they followed the car tracks back to where defendant apparently kept his whiskey cache. We are convinced that the search was void ab initio and that all of the steps taken by the officers constituted one continuous search.

"In Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143, this court held that a search and seizure illegal at its inception cannot become legalized by what it brings to light; its legality must be determined by the situation as disclosed before the search was made, citing 79 C.J.S., Searches and Seizures, § 51, page 809.

"Although not in point with the facts in the instant case, the case of Thomas v. State, 25 Okl.Cr. 409, 220 P. 976, discloses the trend of authority in situations similar to that which confronts us. It was there held:

" 'Where an unauthorized search and seizure is commenced and in progress, the issuance of a search warrant for the purpose of making valid that which at its inception was illegal will afford no protection to the officer making such search and seizure.'

See also Dean v. State, 37 Okl.Cr. 396, 258 P. 812; Wallace v. State, 49 Okl. Cr. 281, 294 P. 198.

"The federal courts have sustained the rule invoked by the accused and have held that secondary evidence gleaned from documents secured by an illegal search and seizure was inadmissible. Flagg v. United States, 2 Cir., 233 F. 481; Silverthorne Lumber Co. v. U. S., 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307. In the latter case the United States Supreme Court held that a conviction sustained on evidence secured through leads obtained by reason of an illegal search and seizure cannot be upheld."

The case at bar is clearly distinguishable ' rom the case relied upon by the State, of Story v. State, 97 Okl.Cr. 116, 258 P.2d 706, wherein it appears, though the search warrant was void, entry of the adjacent premises was independent "of the search of the defendant's premises", and not the direct result thereof, or by reason of any leads obtained while the officers were on the defendant's premises. Such is also true in the case of Plumlee v. State, 78 Okl.Cr. 201, 146 P.2d 139. Therein, though the search warrant was attacked by allegations, its invalidity was never established. Hence, the court was therein not confronted with the situation where the search and seizure was void from its inception. In the case at bar, the liquor was discovered as the direct result of the proceedings arising under the void search warrant, the leads were obtained on the defendant's premises, while the void search was in progress, and as the direct result thereof. It was not independently discovered, as in the Story case, or was not predicated upon a valid search and seizure, as can only be concluded from the facts in the Plumlee case.

It is further contended by the State that Leason's place, being a public place, the officers had a right to be there. This contention would be correct if being there as any other member of the public, they had made the discovery of unlawful possession of the whiskey, incident to their presence as an invitee. But such is not the case herein; the officers were on the premises, not as invitees, but were there assuming to search the premises under what proved to be a void search warrant. A void search warrant, void at its inception would not legalize what it brought to light. Public places are also within the constitutional provision against unlawful search and seizure. This may seem to constitute splitting fine spun hairs, but in no other way can we preserve the constitutional protection against unlawful search and seizure. Officers of the law applying to a Magistrate for search warrants must properly describe the premises to be searched, and not some other premises, or expect their efforts to be fruitless. Had the search warrant properly described the premises to be searched in this case, the fruits of the discovery, as a direct result of the search, would have been admissible in evidence.

This is one of those close questions often presented to trial courts in which they are required to render judgments without opportunity to weigh and consider the effects of their judgments. But, this is a Court of final resort, and we are compelled to resolve any doubts which we ourselves might entertain, in favor of constitutional rights.

For all of the above and foregoing reasons, the judgment and sentence herein imposed is accordingly vacated and set aside, and this case is reversed and remanded, with directions to dismiss.

JONES, P. J., and POWELL, J., concur.